UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STACY HAWKINS,

                Plaintiff,                Case No. 16-cv-12945

v.                                    Honorable Thomas L. Ludington

WILLIAM RICHTER, et al,

                Defendants.

_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, DISMISSING COMPLAINT, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

On August 16, 2016, Plaintiff Stacy Hawkins filed a complaint naming William Richter, Nevin Steinbrink, Nicholas Wilson, Michael Herbolsheimer, Steinbrink Engineer, Fashion Square Dental, and Google, Inc., as Defendants. ECF No. 1. Hawkins' complaint contends that his "business partners" in a "high tech, high growth startup" sabotaged and betrayed him by, among other things, hacking his company-related email and social media accounts. Compl. at 1–2, ECF No. 1. All pretrial matters were referred to Magistrate Judge Patricia T. Morris. ECF No. 3. On September 27, 2016, Defendant Google filed a motion to dismiss all claims against it. ECF No. 11. The remaining Defendants filed answers on the same date. ECF Nos. 12, 13, 14. On January 19, 2017, all Defendants except Google filed a motion to dismiss and motion for judgment on the pleadings. ECF No. 29. On March 16, 2017, Judge Morris issued a report which found that this Court does not have jurisdiction to adjudicate Hawkins' claims and which recommended dismissal. ECF No. 37. Hawkins has filed objections. ECF No. 38. For the reasons stated below, those objections will be overruled and the complaint will be dismissed.

**I.**

The well-pleaded factual allegations in Hawkins' complaint will be assumed to be true. Plaintiff Stacy Hawkins alleges that in June of 2012 he began discussing business ventures with his dentist, William Richter. Compl. at 6. Together, the two developed an idea for a "health app" that would connect to toothbrushes and inform the app user "how well they brushed." *Id.* at 6–8. They intended to call the app "LifeBrush." *Id.* at 11. They founded a company, which they named "Click Care," to pursue this idea. *Id.* at 7. Over time, several investors and partners joined Hawkins and Richter. Hawkins contends that, despite the growing number of people involved, he "sacrificed his financial well-being and his physical well-being" to develop Click Care. *Id.* at 14. The Click Care Team set up business email addresses via Google. *Id.* at 17. The email addresses at issue in Hawkins' suit are: Stacy@LifeBrush.net, LifeBrushTeam@LifeBrush.net, and Developer@LifeBrush.net. *Id.* at 17. Hawkins was the "Super Administrator" of the accounts, used Stacy@LifeBrush.net as his personal and business account, and was the only person who knew the password to that account. Hawkins also created a company LinkedIn profile, called "LifeBrush Team" and (later) "Click Care's LifeBrush," which he managed. *Id.* at 21.

Eventually, the Click Care team decided to formalize the company by drafting an operating agreement. *Id.* at 18. Despite Hawkins' best efforts, the Click Care team was unable to attract sufficient investors. *Id.* at 27–28. The other members of Click Care informed Hawkins "they were voting him out of the company." *Id.* at 28. Hawkins argued that they did not have the authority to do so and "expressed that his equity gave him the authority to vote them out and he was exercising that right to do so." *Id.* Despite the uncertain status of the ownership of the company, the other members of Click Care asked Hawkins to turn over the passwords to the Click Care LinkedIn Profile and the email accounts he was administrator of. *Id.* Hawkins

refused. *Id.* In response, the other members of Click Care attempted to hack the accounts. *Id.* Eventually, they contacted Google Tech Support and, through their help, gained access to the accounts. *Id.* at 28–29. Hawkins contends that the emails in his account contained proof that he owns Click Care, but that the hacking has prevented him from accessing that proof.

In the current suit, Hawkins advances ten claims for relief. First, Hawkins seeks a "declaratory order" confirming that the account hacking violated state and federal law because individuals who create "password-protected accounts via a computer system/network have an expectation of privacy with regard to those accounts." *Id.* at 29. Second, Hawkins alleges that the Defendants violated the Stored Communications Act, 18 U.S.C. § 2701, *et. seq*. Third, he contends that Defendants violated Michigan's Misuse of Computer Statute, M.C.L. 752.791, *et. seq.* In Counts Four through Seven, Hawkins argues that Defendants Google, Steinbrink, Steinbrink Engineering, and Richter violated their fiduciary duty. In the Eight Count, Hawkins asks the Court to enter a declaratory order interpreting the Operating Agreement and finding that he owns Click Care. In Count Nine, Hawkins alleges that Defendants Richter, Steinbrink, Wilson, Herbolsheimer, and Steinbrink Engineering breached their contract with him. In Count Ten, Hawkins alleges that Defendants Richter, Fashion Square Dental, Steinbrink, Wilson, Herbolsheimer, and Steinbrink Engineering converted his property.

## II.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review

requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co*., 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

### III.

In her report and recommendation, Judge Morris concludes that because none of Hawkins' claims arise out of federal law, federal jurisdiction is not present. Judge Morris acknowledged that one of Hawkins' claims, alleging violation of the Stored Communications Act, does implicate federal law. But because Hawkins did not actually own the social media or

email accounts in question, he does not have standing to bring a claim under the Stored Communications Act.

In response Hawkins filed four objections. First, Hawkins argues that Judge Morris's report and recommendation did not address whether Hawkins had an ownership interest in his LinkedIn account sufficient to create standing. Second, Hawkins argues that he had a "personal reasonable expectation of privacy in his company-issued" email address. Objs. at 5, ECF No. 38. Third, he argues that Defendant Richter's motion to dismiss is untimely and should not have been considered. Finally, he faults Judge Morris for not addressing his pending motion for leave to amend. For the following reasons, these objections will be overruled, Judge Morris's report and recommendation will be adopted, and the complaint will be dismissed.

**A.**

In his first objection, Hawkins argues that "the Magistrate did not expressly look at whether Plaintiff's claim regarding his LinkedIn account raised a federal question." Objs. at 2. But that is not true. In holding that Hawkins did not have standing to sue for loss of access to his accounts, Judge Morris reasoned as follows:

> Hawkins performed all work in relation to these email and *social media* accounts on Click Care's behalf and disclaimed any 'interest, right, or claim in or to' these assets when he signed the Operating Agreement. (Doc. 29, Operating Agreement at 5); (Doc. 1 at 18, 21). . . . Because Hawkins suffered no injury to a legally protected interest, he has no standing to bring his SCA claim, and it should be discarded for lack of subject matter jurisdiction.

Rep. & Rec. at 10 (emphasis added).

Hawkins does not dispute that, under the Operating Agreement (which he relies upon repeatedly in his complaint), he did not have rights to or claims in "any of the Company's assets including intellectual property developed for the furtherance of Company's interest by a Member or an

employee." Operating Agreement at 5, ECF No. 29, Ex. A. Hawkins has identified no defect in Judge Morris's reasoning.

Even if, as Hawkins argues, he originally had an ownership interest in the Click Care LinkedIn account when it was first created, he clearly ceded that interest to the company when he signed the Operating Agreement. The LinkedIn account in question was identified as "LifeBrush Team" and (later) "Click Care's LifeBrush." Compl. at 21. It was not a personal account and, regardless, Hawkins clearly used it in "furtherance of [the] Company's interests." Operating Agreement at 5. As such, he surrendered any personal ownership interest he might have had in it and has no standing to sue for the (allegedly) unauthorized access to the accounts. Hawkins cannot rely upon the Operating Agreement in his attempt to argue that the company was improperly taken from him while disregarding the Operating Agreement's provisions regarding company assets. Hawkins' first objection has no merit.

**B.**

Second, Hawkins contends that "[w]hether Plaintiff possessed his own, personal reasonable expectation of privacy in his company issued Stacy@LifeBrush.net email raises a federal question." Objs. at 5. He further argues that a "federal question also exists as to whether Congress intended the SCA to protect such a reasonable expectation of privacy where it is unabridged by a company policy." *Id.*

But, even if true, these assertions fall short of establishing federal jurisdiction. As Judge Morris explained, federal courts are courts of limited jurisdiction. *Mims v. Arrow Fin. Servs.*, LLC, 565 U.S. 368, 376 (2012). Federal courts do have jurisdiction over "claims, large or small, arising under federal law." *Id.* But a claim arises under federal law only when federal law creates the cause of action that is being sued upon. *Id.* In other words, if state law creates the cause of

action, or if the legal theory advanced is not a cognizable cause of action, then federal jurisdiction does not arise.[1] For example, a complaint that advances a state law cause of action but "anticipates" a federal defense does not avail as a basis for federal jurisdiction. *Gully v. First Nat. Bank*, 299 U.S. 109, 113 (1936).

Thus, the theoretical legal questions which Hawkins poses in his second objection, even if they identify unsettled areas of federal law, do not give rise to federal jurisdiction unless he can identify a cause of action based in federal law which he is suing under. The only federal statutory or constitutional cause of action which Hawkins identifies in his complaint is violation of the Stored Communications Act. And Hawkins' challenge to Judge Morris's rejection of that claim was found to be without merit in the preceding section of this opinion. Because Hawkins has not identified a cognizable "private right of action" created by "federal law" in his complaint, this Court does not have jurisdiction to adjudicate his claims. *Mims*, 565 U.S. at 376. Hawkins's second objection will be overruled.[2]

## C.

Third, Hawkins argues that the motion to dismiss filed by Fashion Square Dental, Michael Herbolsheimer, William Richter, Nevin Steinbrink, Steinbrink Engineer, and Nicholas Wilson was untimely because it was filed after those Defendants filed an answer. For several reasons, that argument has no merit. First, the motion in question was partially identified as a Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings, which can be brought after an answer is filed. And more importantly, "[i]f the court determines at any time that

---

[1] Although there are qualifications and exceptions to this statement, they are not applicable here.

[2] Hawkins premises his second objection almost wholly on *Glob. Policy Partners, LLC v. Yessin*, 686 F. Supp. 2d 631, (E.D. Va. 2009). Although that case bears some interesting factual similarities to the allegations in Hawkins's complaint, it offers no guidance on the determinative threshold question of whether Hawkins has standing to bring a claim under the Stored Communications Act. Judge Morris and this Court have both concluded that Hawkins had no ownership interest in the accounts in question and thus lacked standing. *Yessin* offers no reason to second guess Judge Morris's rationale.

it lacks subject-matter jurisdiction, the court must dismiss the action." *Id.* at Rule 12(h)(3). Thus, Defendants brought a timely 12(c) motion. Even if it had been untimely, Judge Morris and this Court both had an independent and unwaivable obligation to determine whether subject matter jurisdiction existed. Hawkins's third objection has no merit.

### D.

Finally, Hawkins objects that the "Magistrate's Report and Recommendation does not address Plaintiff's motion to amend and does not address whether his clarified positions would have changed the Report and Recommendation." Objs. at 7. But Hawkins's request for leave to file an amended complaint came in his response to Defendants' motion to dismiss, not a separate motion. ECF No. 31. Hawkins does attach the proposed amended complaint to his response. That proposed amended complaint does not include any additional federal claims. Hawkins does not specifically identify the new factual allegations in the proposed amended complaint or explain why they would give rise to federal jurisdiction. After an independent review of the proposed federal complaint, the Court can find no new, well-pleaded factual allegations which would undermine Judge Morris's finding that Hawkins did not have standing to challenge the allegedly unauthorized access to the accounts. Thus, even if Hawkins were allowed to amend his complaint, the suit would still be subject to dismissal for lack of jurisdiction. Accordingly (and to the extent Hawkins has actually filed a motion for leave to amend), the motion for leave to file an amended complaint will be denied as futile.

### IV.

Accordingly, it is **ORDERED** that Plaintiff Hawkins's objections, ECF No. 38, are **OVERRULED.**

It is further **ORDERED** that Judge Morris's report and recommendation, ECF No. 37, is **ADOPTED.**

It is further **ORDERED** that Defendants' motion to dismiss and for judgment on the pleadings, ECF Nos. 11, 29, are **GRANTED.**

It is further **ORDERED** that Plaintiff Hawkins's motion for leave to file an amended complaint, ECF No. 31, is **DENIED as futile.**

It is further **ORDERED** that Plaintiff Hawkin's complaint, ECF No. 1, is **DISMISSED.**

It is further **ORDERED** that Plaintiff Hawkins may not appeal in forma pauperis because the Court **CERTIFIES** that no appeal could be taken in good faith, *see* 28 U.S.C. § 1915(a)(3).

Dated: July 20, 2017
s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 20, 2017.

s/Kelly Winslow
KELLY WINSLOW, Case Manager